**YUN KAI LI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0922–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

Douglas B. Payne, New York, N.Y., for Petitioner.

Gregory G. Katsas, Asst. Atty. General; Francis Fraser, Senior Litigation Counsel; Kate D. Balaban, Trial Atty., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Yun Kai Li, a native and citizen of the People's Republic of China, seeks review of the January 31, 2008 order of the BIA denying his motion to reopen. *In re Yun Kai Li,* No. A70 891 340 (B.I.A. Jan. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). We find that the BIA did not abuse its discretion in denying Li's motion to reopen as untimely. As the BIA noted, its prior decision was issued in October 2002, but Li did not file his motion until December 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, the BIA properly found that Li's motion did not qualify for such an exception.

Indeed, the BIA explicitly considered the country conditions evidence that Li submitted in support of his motion to reopen and compared this evidence to the country conditions evidence in the record at the time of his hearing before the Immigration Judge ("IJ"). *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006). The BIA reasonably concluded, based on this comparison, that Li's evidence did not demonstrate changed country conditions in China. *See id.* In addition, the BIA reasonably relied on the IJ's underlying adverse credibility finding in declining to credit letters purportedly from Li's friends. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (per curiam); *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007)). Thus, because the BIA did not err in finding that Li failed to demonstrate changed country conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001).

Finally, contrary to Li's argument, the BIA did not abuse its discretion in determining that the time limitation for filing a motion to reopen applied to his motion insofar as he sought reopening to apply for CAT relief. *Cf.* 8 C.F.R. § 1208.18(b)(2) (excusing the time limitation for filing a motion to reopen to seek CAT relief only for aliens whose removal orders became final prior to March 22, 1999 and who

moved to reopen proceedings before June 21, 1999).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).